IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: JOHN R. SOUTH and SANDRA H. SOUTH, Debtors, | ) ) ) | BANKRUPTCY NO. 95-01805-TOM |
| FINOVA CAPITAL CORPORATION f/k/a Greyhound Financial Corporation, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 96-G-0298-S |
| JOHN R. SOUTH; SANDRA H. SOUTH, | ) ) ) | |
| Defendants. | ) ) | |
| MAX POPE, | ) ) ) | |
| Trustee. | ) | |

## MEMORANDUM OPINION

This case is before the court on appeal from the United States Bankruptcy Court for the Northern District of Alabama, Southern Division. Appellant, Finova Capital Corporation (Finova), took this appeal from an order of the bankruptcy court entered December 19, 1995. That order avoided judicial liens held by Finova.

## FACTUAL SUMMARY

The facts relevant to this appeal are not in dispute. John R. South and Sandra H. South are husband and wife and filed a petition for relief under Chapter 7 of the Bankruptcy Code on March 28, 1995. They listed the value of their residence as

$220,000. Because the Souths own their home jointly with rights of survivorship, for the purposes of their bankruptcy, each has a $110,000 interest in the home. At the time their bankruptcy petition was filed, First Federal Savings and Loan Association (First Federal) held a first mortgage on the Souths' home in the approximate amount of $69,000.[1] The Small Business Administration (SBA) held second and third mortgages on the home totaling approximately $379,000. The SBA mortgages secure the Souths' guarantees of certain loans, which were originally made to a corporation then owned by the Souths, Hueytown Fabricating, Inc. Those loans have now been assumed by NewSouth Fabricating (NewSouth), which purchased the assets of Hueytown Fabricating. The Souths have no ownership interest in NewSouth. Finova holds judgments totaling $68,000 against both Mr. and Mrs. South individually. These judgments were properly recorded and constitute judicial liens against the Souths' home.

## PROCEEDINGS BELOW

The Souths filed motions to avoid the judicial liens held by Finova under 11 U.S.C. § 522(f)(1), asserting that those liens impaired their homestead exemptions. (Section 522(f)(1) allows judicial liens to be avoided if they impair an exemption to which the debtor would otherwise have been entitled.) The

---

[1] For the sake of simplicity, dollar amounts in this opinion will be rounded to the nearest thousand. This rounding does not affect any of the relevant calculations.

Souths subsequently filed a motion for summary judgment on those motions, which the bankruptcy court granted. The bankruptcy court applied Section 522(f)(2)(A), which sets forth an arithmetic formula for determining whether a judicial lien impairs a debtor's exemption. In performing this calculation, the bankruptcy court included the liens held by the SBA. Based upon that calculation, the bankruptcy court granted the Souths' motion for summary judgment and entered an order avoiding Finova's judicial liens in their entirety. Finova had argued that the "marshaling of assets" doctrine should be applied. According to Finova's characterization of this doctrine, the SBA would first be required to proceed against the assets of NewSouth. Only after exhausting the assets of NewSouth could the SBA enforce the liens on the Souths' home. The bankruptcy court determined the marshaling doctrine did not apply. Finova also argued that the contingent nature of the Souths' liability to the SBA should have been considered in determining whether to include the SBA liens. The bankruptcy court rejected this argument as well.

### ISSUES PRESENTED ON APPEAL

Finova, in its brief, concedes that the basic facts of the case are not in dispute. However, it argues that additional relevant facts should have been explored by the bankruptcy court. These additional factual issues relate to the marshaling of assets doctrine and to the contingent nature of the Souths' debt

to the SBA. Whether or not these additional factual issues are relevant depends upon the correctness of the bankruptcy court's interpretation of the relevant Bankruptcy Code provisions. Therefore, the first, and in fact dispositive issue presented on appeal is whether the bankruptcy court properly applied the law to the undisputed facts set forth above.

## DISCUSSION

A review of the statutory language and legislative history reveals that the bankruptcy court was correct in avoiding Finova's judicial liens. Section 522(f)(1) provides the authority for avoiding judicial liens that impair the debtor's exemptions and provides in pertinent part as follows:

> [T]he debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is--
>
> (A)   a judicial lien ....

Prior to the 1994 amendments to the Bankruptcy Code, courts applied varying standards in determining which liens impaired a debtor's exemption. In order to overturn court decisions that reached results contrary to the intention of Congress, a new provision defining the phrase "impairs an exemption" was added by the 1994 Act. The following excerpt from the legislative history of the Bankruptcy Reform Act of 1994 illustrates Congress's desire:

4

> Because the Bankruptcy Code does not currently define the meaning of the words "impair an exemption" in section 522(f), several court decisions have, in recent years, reached results that were not intended by Congress when it drafted the Code. This amendment would provide a simple arithmetic test to determine whether a lien impairs an exemption, based upon a decision, <u>In re Brantz</u>, 106 B.R. 62 (Bankr.E.D.Pa. 1989), that was favorably cited by the Supreme Court in <u>Owen v. Owen</u>, 111 S.Ct. 1833, 1838, n.5.

H.R. Rep. 103-835, 1994 U.S.C.C.A.N. 3340, 1994 WL 562232 (analysis of section 303 of the Act). Therefore, it is clear that Congress intended the new section to provide a uniform, nondiscretionary formula for determining which judicial liens impair the debtor's exemptions.

The additional section is found at 11 U.S.C. § 522(f)(2)(A) and provides as follows:

> For the purposes of this subsection, a lien <u>shall</u> be considered to impair an exemption to the extent that the sum of--
>
> > (i) the lien;
> >
> > (ii) all other liens on the property;  and
> >
> > (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

(Emphasis added). The use of the imperative "shall" leaves no doubt that Congress intended this section to provide a mandatory and exclusive test that is to be mechanically applied by the courts.  Further provisions of the Bankruptcy Code define "lien" in such a manner as to make untenable appellant's argument

5

concerning the contingent nature of the Souths' obligation to the SBA. Those definitions contained in section 101 of the Code are as follows:

> (37) "<u>lien</u>" means charge against or interest in property to secure payment of a <u>debt</u> or performance of an obligation;
>
> (12) "<u>debt</u>" means liability on a <u>claim</u>;
>
> (5) "<u>claim</u>" means--
>
> (A) right to payment, <u>whether or not such right is</u> reduced to judgment, liquidated, unliquidated, fixed, <u>contingent</u>, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured;

These definitions require that the SBA's liens be considered in the calculation under section 522(f)(2)(A), even though they are contingent because the Souths are guarantors of NewSouth's debt to the SBA. Therefore, Finova's argument that the bankruptcy court erred in not eliciting evidence as to the actual likelihood that the Souths would be called upon to honor their guaranties of the debt of NewSouth to the SBA is unpersuasive.

Finova's arguments based upon the marshaling of assets doctrine is likewise unpersuasive. The marshaling of assets doctrine does not affect the debt underlying the lien, but only the manner in which the lien may be enforced. The definitions noted above, therefore, also require that the SBA liens be included in the calculation under section 522(f)(2)(A), whether

or not the marshaling of assets doctrine applies to those liens.[2] The legislative history provides further support for this conclusion. The House Report sets forth three specific situations in which the 1994 amendment was intended to overturn prior court decisions. The third scenario was explained as follows:

> The third situation is in the Sixth Circuit, where the Court of Appeals, in In re Dixon, 885 F.2d 327 (6th Cir. 1989), has ruled that the Ohio homestead exemption only applies in execution sale situations. Thus, the court ruled that the debtor's exemption was never impaired in a bankruptcy and could never be avoided, totally eliminating the right to avoid liens. This leaves the debtor in the situation where, if he or she wishes to sell the house after bankruptcy, that can be done only by paying the lienholder out of equity that should have been protected as exempt property. By focusing on the dollar amount of the exemption and defining "impaired," the amendment should correct this problem. <u>By defining "impairment," the amendment also clarifies that a judicial lien on a property can impair an exemption even if the lien cannot be enforced through an execution sale</u>, thereby supporting the result in In re Henderson, 18 F.3d 1305 (5th Cir. 1994), which permitted a debtor to avoid a lien that impaired the homestead exemption even though the lien could not be enforced through a judicial sale.

H.R. Rep. 103-835, 1994 U.S.C.C.A.N. 3340, 1994 WL 562232 (analysis of section 303 of the Act)(emphasis added). The above makes clear that Congress intended the actual enforceability of the judicial lien to be irrelevant. By analogy, whether or not

---

[2] The bankruptcy court concluded the marshaling of assets doctrine would not apply to the facts of this case. Because the marshaling doctrine is irrelevant to the application of section 522(f)(2)(A), the court expresses no opinion as to the correctness of that conclusion.

7

the liens of the SBA may be enforced against the Souths should likewise be irrelevant under section 522(f)(2)(A).

Therefore, the bankruptcy court correctly concluded that the SBA liens should be considered in determining whether or not the judicial liens of Finova impaired the homestead exemptions of the Souths. The bankruptcy court's calculation, found at pages 4-5 of its memorandum opinion, is a correct application of section 522(f)(2)(A). Based upon that calculation, it correctly determined that Finova's judicial liens should be avoided in their entirety.

An appropriate order affirming the ruling of the bankruptcy court will be entered contemporaneously herewith.

DONE this 10th day of November 1997.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.